IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JUN 3 0 2004

CLERK

JULIUS STEWART,

    Plaintiff,

v.                                             No. CIV-04-0507 MCA/WDS

TIM LEMASTER, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte*, under 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6), to review Plaintiff's civil rights complaint. Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, Plaintiff's complaint will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Plaintiff was transferred from the Lea County, New Mexico, Correctional Facility to the New Mexico State Penitentiary. Approximately nine months after the

transfer, officials at the penitentiary "implemented" sanctions against Plaintiff that had been imposed in disciplinary proceedings at Lea County. It appears from the complaint that at least one of the sanctions was termination of Plaintiff's eligibility to earn good time credit against his sentence. Plaintiff claims Defendants' actions violated corrections department policy and deprived him of due process. He seeks damages and restoration of good time credits.

To the extent Plaintiff seeks restoration of good time credits, he must assert this claim in a habeas corpus proceeding. The Tenth Circuit has ruled that an action for restoration of good time credits is properly brought under the habeas corpus statutes, with exhaustion of state remedies required. *United States v. Furman*, 112 F.3d 435, 438 (10th Cir. 1997); *Taylor v. Wallace*, 931 F.2d 698, 699 n.1 (10th Cir. 1991); *Brown v. Smith*, 828 F.2d 1493, 1494 (10th Cir. 1987). This claim will be dismissed without prejudice to Plaintiff's right to file a petition for writ of habeas corpus after the claim is exhausted in state court.

Second, Plaintiff asserts a damages claim for due process violations based on denial of eligibility for good time credits. This claim is barred by the ruling in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that a person may not challenge the constitutionality of a conviction in a suit for damages under 42 U.S.C. § 1983 if "establishing the basis for the damages claim necessarily demonstrates the invalidity of the conviction." 512 U.S. at 481-82. In a subsequent decision the Court extended the rule announced in *Heck* to § 1983 actions based on denial of good time credit. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997). Even though Plaintiff limits "his request to damages for depriving him of good-time credits without due process, not for depriving him of good-time credits undeservedly as a substantive matter," his claim "necessarily . . . impl[ies] the invalidity of the judgment." 520 U.S. at 645-46; *see Easter v. Saffle*, No. 02-6044,

2

2002 WL 31528687, at **2 (10th Cir. Nov. 14, 2002) (same). Plaintiff's damages claim will be dismissed without prejudice. *Fottler v. United States*, 73 F.3d 1064, 1065-66 (10th Cir. 1996) (explaining that plaintiff who overturns conviction may then bring § 1983 action).

IT IS THEREFORE ORDERED that Plaintiff's complaint is DISMISSED; all pending motions are DENIED as moot; and, pursuant to Fed.R.Civ.P. 58(a)(2)(A)(iii), judgment will be entered in accordance with this opinion.

_____
UNITED STATES DISTRICT JUDGE